NO. 07-05-0156-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2007
_____

PRAXAIR, INC.,

Appellant

v.

STERLING CHEMICALS, INC.,

Appellee
_____

FROM THE 405TH DISTRICT COURT OF GALVESTON COUNTY;

NO. 00-CV-0060; HON. WAYNE J. MALIA, PRESIDING
_____

*On Motion For Rehearing*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.[1]

Pending before us is the motion for rehearing of appellee Sterling Chemicals, Inc. (Sterling) in which it asks us to address an alternative basis upon which it seeks to have us affirm the judgment of the trial court. We overrule the motion.

The basis alluded to rests upon the jury's finding that Sterling and Praxair, Inc. (Praxair), (as opposed to Praxair Hydrogen Supply, Inc. (PHS)), orally agreed that Praxair

_____

[1]Don Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment, did not participate in this decision.

"would design or construct the piping in the Texas City plant in accordance with [Praxair's] current design practices and facilities to comply with U.S. Codes, the latest ASME Unfired Pressure Vessel Code, and the ANSI B31.3 for refinery piping."  Yet, the only written agreement between Praxair and Sterling consisted of the written guaranty alluded to in our original opinion.  Moreover, in that document the following clause appeared:

> This Guaranty contains the entire agreement of the parties with respect to the subject matter hereof, and supersedes any and all prior agreements, whether written or oral, that may exist between the parties with respect thereto.  There are no promises, representations or warranties affecting this Agreement that are not contained herein.

Clauses such as this prohibit the terms of written contracts from being varied by prior oral agreements which are absorbed or merged into the subsequent agreement.  *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958).  Because the purported oral agreement to which Sterling alludes arose before the guaranty was executed, the aforementioned clause vitiated it.

Sterling's motion for rehearing is overruled.


Per Curiam